# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| RAYMOND LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-015 |
| | ) | |
| JCB NORTH AMERICA,[1] *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Raymond Love has filed this case alleging that he has been discriminated against by his employer. *See, e.g.,* doc. 10 at 3. The Court has twice directed him to submit an amended complaint because he failed to include any factual allegations supporting his claims. *See* doc. 7 at 3; doc. 9 at 1. Love has complied with the Court's prior Order and submitted a Second Amended Complaint. Doc. 10. Because Love has, again, failed to allege any facts or expressly incorporate the attached exhibits to explain how they support his claims, his Second Amended

---

[1] The Court's prior orders identified the defendant in this case, consistent with the docket, as "JOB North America." *See, e.g.,* doc. 5 at 1. Based on indications in the prior pleadings, and the caption of the Second Amended Complaint, the Clerk has corrected the docket to identify the defendant as "JCB North America." *See* docket; *see also* doc. 10 at 1.

Complaint, and this case, should be **DISMISSED**.   28 U.S.C. § 1915(e)(2)(B).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"
*Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

As before, Love's Second Amended Complaint merely checks boxes on the form complaint. *See* doc. 10 at 3-4. He has left the section of the form seeking factual allegations entirely blank. *Id.* at 4-5. He has, again, attached various exhibits of uncertain significance including the charge he filed with the Equal Employment Opportunity Commission ("EEOC"). *See generally* doc. 10-1. The Court may consider exhibits attached to a complaint. *See, e.g., Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019). It might also infer that Love intends to incorporate the allegations contained in those documents into his Complaint, in some fashion.[2] However, in the absence of any substantive factual allegation

---

[2] The relationship between the claims asserted in the Second Amended Complaint and the attached exhibits remains unclear. Love has checked boxes indicating he alleges discrimination on the basis of race, color, gender or sex, and disability. *See* doc. 10 at 4. He has also checked a box indicating he alleges he was retaliated against. *Id.* He has attached a Pooler, Georgia police report of an alleged battery by his manager, doc. 10-1 at 1, his right-to-sue letter from the EEOC, *id.* at 2, his charge with the EEOC that asserts in a wholly conclusory fashion that he was "harassed and retaliated" against because of his race, *id.* at 3, several emails with a third-party titled "Message to HR," *id.* at 4-5, and text messages concerning reports to HR, *id.* at 6-7. Other than the conclusory reference to race discrimination in the EEOC charge, there is no suggestion of gender, sex, or disability discrimination anywhere in the attached documents. The Court's first Order directing Love to amend included a more detailed discussion of the allegations in the EEOC charge. *See* doc. 7 at 4 n. 2. Thus, even if the Court incorporated those documents as Love's allegations, he still fails to state any claim.

in the Complaint itself, and the lack of an expression that Love wishes to incorporate the information from the exhibits, his Second Amended Complaint fails to state any claim upon which relief may be granted. *Cf. Jordan v. Atlanta Pub. Schs.*, 2022 WL 3698372, at *1 (11th Cir. Aug. 26, 2022) (leniency afforded to *pro se* pleadings "does not give a court license to . . . rewrite an otherwise deficient pleading in order to sustain an action." (citation omitted)).

Love has now had two opportunities to amend his Complaint without addressing the principal defect the Court has identified. *See* docs. 7 & 9; *see also Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Since, despite those opportunities, his Second Amended Complaint fails to state a claim upon which relief may be granted, it should be **DISMISSED**. 28 U.S.C. § 1915(e)(2)(B)(ii). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to

this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 24th day of March, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA